**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

ASEM ALI,

Petitioner,

v. No. 26-cv-2799-KWR-LF

FNU LNU, Warden, Torrance County Detention Center,

Respondent.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1) (Petition). Having reviewed the Petition, the record of the case, and relevant law, the Court determines that habeas relief is not available under *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001) or 8 U.S.C. § 1231. The Court will therefore dismiss the Petition without prejudice to refiling, as set forth below.

Petitioner is a citizen of Russia. At the time of filing, he was detained at the Torrance County Detention Center in Estancia, New Mexico. Petitioner states he has been in Immigration and Customs Enforcement (ICE) custody since December 24, 2025, and that his detention violates the holding of *Zadvydas v. Davis,* 533 U.S. 678, 682, 701 (2001). (Doc. 1) at 6, 9-20. Petitioner seeks immediate release from immigration detention. *Id.* at 24.

Habeas corpus relief is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas,* 533 U.S. 678. Courts conduct an initial review of *pro se* habeas petitions to determine whether the claims raise a colorable request for relief. *See* Habeas Corpus Rules 1 and 4. "If it plainly

appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the Judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the Judge must order … an answer." *Id.*

Where, as here, Petitioner is subject to a final order of removal, detention is governed by *Zadvydas,* 533 U.S. at 682 and 8 U.S.C. § 1231. The Government is expected to secure a noncitizen's removal within 90 days. *Zadvydas,* 533 U.S. at 682; *see also* 8 U.S.C. § 1231(a)(1). The removal period begins when the removal order "becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). "During the 90-day removal period, … [the noncitizen] must be held in custody." *Zadvydas,* 533 U.S. at 683 (citing § 1231). After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal. *Id.*; *see* 8 U.S.C. § 1231(a)(6). The Supreme Court determined that a six-month detention period is presumptively reasonable. *Zadvydas,* 533 U.S. at 701. "After this 6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional. *Id.* at 701.

Here, the Executive Office for Immigration Review's case information website reflects that a removal order was issued March 13, 2026. *See* https://acis.eoir.justice.gov/en/caseInformation (site last visited September 4, 2026). The site further reflects that Petitioner initially appealed the decision to the Board of Immigration Appeals (BIA), and then withdrew that appeal on May 20, 2026, prior to a decision by the BIA. *Id.*; *see also* (Doc. 1) at 55 (copy of BIA decision granting Petitioner's motion to withdraw the appeal). When an appeal is withdrawn before an appellate decision is issued, the initial decision is deemed final "to the same extent as if no appeal had been

taken." *See* 8 C.F.R. § 1003.4. If no appeal had been taken here, the removal order would have become administratively final on April 13, 2026, the deadline for an appeal. *See* 8 C.F.R. § 1241.1(c) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final … [u]pon expiration of the time allotted for an appeal … ."); 8 C.F.R. § 1240.15 ("An appeal shall be filed within 30 calendar days" of an order of removal being issued.). Consequently, Petitioner's detention is presumptively reasonable under *Zadvydas*. *See Zadvydas,* 533 U.S. at 701. Moreover, noncitizens detained pursuant to § 1231 are not entitled to a bond hearing. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of [noncitizens] subject to … orders of removal, meaning those [noncitizens] are not entitled to a bond hearing."). Petitioner therefore cannot prevail on his claim for prolonged detention or obtain release or a bond hearing at this time.

Because the Court cannot grant the requested relief at this time, the Petition will be dismissed without prejudice and as premature. Petitioner may refile his claims for prolonged detention after expiration of the six-month period under *Zadvydas* or if the basis for the claims change.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED without prejudice** to refiling; and the Court will enter a separate judgment closing the civil case.

/S/
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE